# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Savannah, Georgia
By camerson at 1:44 pm, Sep 17, 2012

| | |
|---|---|
| In the matter of: ) | Chapter 13 Case |
| ) | |
| GARY LAMARR MCCLENDON ) | |
| ) | Number 12-41200 |
| *Debtor* ) | |

## OPINION AND ORDER
## ON OBJECTION TO CONFIRMATION

Debtor filed his Chapter 13 case and a proposed Chapter 13 Plan on June 21, 2012. Dckt. Nos. 1, 7. On July 3, 2012, Debtor filed an amended Plan (the "Plan"). Dckt. No. 16. Debtor's ex-wife, Robin McClendon, filed a proof of claim for $44,435.48 in child support arrearages on August 14, 2012, and filed an Objection to Confirmation of the Plan on August 20, 2012. Dckt. No. 30. Debtor's proposed Plan came for a hearing before this Court on August 27, 2012. Based on the entire record and the evidence introduced at the hearing, I conclude that the Objection will be sustained. Further, the Court will abstain from hearing any issues regarding the ongoing domestic relations matters between Mr. and Ms. McClendon.

Briefly stated, Debtor's Plan acknowledges a debt of approximately $30,000.00 in the nature of a domestic support obligation to Ms. McClendon, together with other obligations as set forth in paragraph eight. Dckt. No. 16. The total of those claims, all of which he proposes to pay in full, is in excess of $50,000.00 and will be repaid under the

AO 72A
(Rev. 8/82)

Plan which calls for payments of $965.00 per month. The result of that payment level is that Ms. McClendon would receive something less than $900.00 per month over the life of the plan to satisfy her claim.

Ms. McClendon's objection is founded upon the Orders of the Superior Court of Cobb County, Georgia, finding Mr. McClendon in contempt and ordering that to purge his contempt, he is required to pay her $2,000.00 per month, payable at a rate of $1,000.00 on the first and fifteenth of each month, until the remaining arrearages are paid in full. *See* Exh. C-2 and C-3. Because Debtor's plan payment is insufficient to fund this claim at the rate set by the Superior Court Order and because Ms. McClendon does not agree to accept reduced payments, the Court is confronted with the question of whether Debtor is entitled to a bankruptcy restructuring of his repayment obligations as set forth in the Superior Court Order.

The Court holds that Debtor is not entitled to such restructuring. The Eleventh Circuit has stated that "[i]t is appropriate for bankruptcy courts to avoid incursions into family law matters out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters." Carver v. Carver, 954 F.2d 1574, 1579 (11th Cir. 1992). The Carver opinion explained that abstention from hearing domestic relations issues is important because "there is a danger that bankruptcy will be used as a weapon in an on-going battle between former spouses over the issues of alimony and child support or as a shield to avoid family obligations." Id.

Abstention is not required in all cases, but in situations where a debtor has been in arrears several times in the past, the case for abstention from domestic support matters is stronger. Fla. Dept. of Rev. v. Rodriguez (*In re* Rodriguez), 367 Fed. Appx. 25, 29 (11th Cir. 2010); *cf.*, *In re* Trout, 414 B.R. 916, 902 (Bankr. S.D. Ga. 2009) (Davis, J.) (granting debtor's former spouse relief from stay in order to enforce previously imposed support obligations where debtor had defaulted on numerous occasions and been cited for contempt); Fraser v. Arnal (*In re* Arnal), 2003 WL 21911212 at *4 (Bankr. S.D. Ga. 2003) (Davis, J.) (same). In Carver, the court found abstention to be appropriate where the debtor had been jailed for repeated disregard of orders of the Family Court, had been in arrears multiple times, and was clearly using bankruptcy as a weapon in his domestic dispute. Carver, 954 F.2d at 1580. Conversely, in *In re* Fullwood, the court found that abstention was not necessary where the debtor was current on post-petition domestic support obligations and where the court did not have to delve too deeply into family law in hearing the matter. *In re* Fullwood, 171 B.R. 424 (Bankr. S.D. Ga. 1994) (Walker, J.).

Having reviewed these cases along with the permissive abstention factors previously delineated by this Court,[1] I find compelling reasons to abstain. Here, Mr.

---

[1] *See* Old Augusta Dev. Group, Inc. v. Effingham County (*In re* Old Augusta Dev. Group, Inc.), 2011 WL 2632147 at *4 (Bankr. S.D. Ga. 2011) (Davis, J.) (Listing fourteen non-exclusive factors to consider in determining whether permissive abstention is appropriate, including most relevantly: "the degree of relatedness or remoteness of the proceeding to the main bankruptcy case," "comity," "the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court," and "the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties").

AO 72A
(Rev. 8/82)

3

McClendon has been found by the Superior Court of Cobb County to be in contempt after his failure to pay child support. He has also been incarcerated for such contempt, and he still owes a substantial sum to Ms. McClendon. Moreover, the Superior Court has already determined the amount necessary to purge the finding of contempt and has set a schedule for that payment. Debtor's Plan proposes Chapter 13 payments that do not comport with the Orders of the state court. I can find no principled reason to disturb the state court's judgment in the absence of Ms. McClendon's consent, and I refuse to allow Mr. McClendon to use his bankruptcy filing to further avoid or delay domestic support obligations. To do so would overreach the proper role of a United States Bankruptcy Court and intrude into the realm of domestic relations properly reserved to the states in our Federal system.

Therefore, I sustain Ms. McClendon's objection and refuse to confirm Debtor's Chapter 13 Plan. I also find that abstention from any further domestic relations issues between the parties is appropriate because here, as in the Trout and Carver cases, bankruptcy is impermissibly being used as a weapon in an ongoing battle between former spouses. To the extent any additional domestic relations disputes arise, Ms. McClendon is free to pursue her remedies in state court. Likewise, Mr. McClendon is free to seek any remedy, such as modification, in that forum.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Objection to Confirmation of the Plan is SUSTAINED. The Court abstains from hearing any

further issues regarding the ongoing domestic relations matters between Mr. and Ms. McClendon.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This __14th__ day of September, 2012.